UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AMERICAN BOAT COMPANY LLC AND STRAIT MARITIME GROUP LLC, AS OWNERS, AND WESTERN RIVERS BOAT MANAGEMENT, INC., AS OPERATOR AND OWNER *PRO HAC VICE,* OF THE M/V DANNY ETHERIDGE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 3:16-cv-00506- <br><br> Judge Shelly D. Dick <br><br> Magistrate Judge Richard L. Bourgeois, Jr. |

**BEAR INDUSTRIES, INC.'S OPPOSITION TO**
**CLAIMANTS' MOTION TO BIFURCATE**

**MAY IT PLEASE THE COURT:**

Claimant, Bear Industries, Inc. ("Bear"), submits this memorandum in opposition to the Motion to Bifurcate filed by Claimants, Kathryn Hammes-Ciraolo, the Estate of Patrick James Titus, Jordan Adams as Next Friend of and on Behalf of T.T., and James Croswell (collectively, "Plaintiffs"), Rec. Doc. No. 26.

Plaintiffs seek an Order from this Court bifurcating this Limitation action so that their right to state jury trial will be preserved. However, as discussed below, an Order granting a bifurcation is unwarranted, prejudicial to Bear, and judicial economy and expediency are best served by allowing Plaintiffs to proceed with their claims in a bifurcated jury trial in this action, in this Court.

Further, the relief sought by Plaintiffs is merely an attempt to avoid the rule requiring all claimants in a multi-claimant Limitation proceeding to enter into appropriate stipulations in order to proceed in state court, because Bear will not enter into such stipulations.

**1) RELEVANT PROCEDURAL BACKGROUND**

Patrick Titus, an employee of Western Rivers Boat Management, Inc., was killed on March 18, 2016 when the vessel on which he was working attempted to dock at Bear's facility in Port Allen, Louisiana.

On May 20, 2016, suit was filed in Louisiana state court by Jordan Adams, on behalf of her minor child, Tristan Titus, and James Crosswell, individually, against Western Rivers Boat Management, Inc., Bear Industries, Inc., and fictional insurers, in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana in the matter entitled "*Jordan Adams, on behalf of her minor child, Tristan Titus, and James Croswell v. Western Rivers Boat Management, Inc., Bear Industries, Inc., ABC Insurance Company and 123 Insurance Company*" bearing civil action number 42893, Div. B, on the docket of said court.

On August 1, 2016, American Boat Company, LLC, Strait Maritime Group, LLC, and/or Western Rivers Boat Management, Inc. (collectively, "Limitation Petitioners"), filed this proceeding, seeking limitation/exoneration of liability from the claims of Plaintiffs, which are alleged to exceed the value of Limitation Petitioners' vessel.

On September 2, 2016, James Crosswell, Individually, and as Heir to the Estate of Patrick Titus, and Jordan Adams, as Next Friend of Tristan Titus, a Minor and Heir to the Estate of Patrick Titus, filed suit against Western Rivers Boat Management, Inc. and Bear Industries, Inc. in the District Court for Harris County, Texas, in the matter entitled, "*James Crosswell, Individually, and as Heir to the Estate of Patrick Titus, Deceased, and Jordan Adams, as Next Friend of Tristan Titus, a Minor and Heir to the Estate of Patrick Titus, Deceased, vs. Western Rivers Boat Management, Inc. and Bear Industries, Inc*.", bearing civil action number 2016-59421, Court: 061, on the docket of said court.

On September 28, 2016, Kathryn Hammes-Ciraolo, individually and as personal representative of the Estate of Patrick Titus, filed an Answer and Claim herein, Rec. Doc. No. 5, seeking damages from Limitation Petitioners under the Jones Act and general maritime law and requesting a trial by jury. Bear is not aware of any state court suit filed by Hammes-Ciraolo.

On October 25, 2016, Bear filed an Answer and Claim herein, Rec. Doc. No. 9, seeking tort contribution and/or indemnity from Limitation Petitioners.

On November 4, 2016, Jordan Adams as Next Friend of and on Behalf of T. T., a Minor and Heir to the Estate of Patrick Titus, and James Crosswell, Individually, and as Heir of the Estate of Patrick Titus, filed an Answer and Claim herein, Rec. Doc. No. 15, seeking damages from Limitation Petitioners under the Jones Act and general maritime law and requesting a trial by jury.

On December 15, 2016, three of the four claimants (Kathryn Hammes-Ciraolo, Jordan Adams, and James Crosswell, <u>but not Bear Industries, Inc</u>.) filed a Motion to Bifurcate, seeking to limit the scope of this proceeding to determination of issues pertaining to Limitation Petitioners right to limit their liability under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and to allow them to pursue their remaining claims in undetermined state court(s), in Louisiana, Texas, elsewhere, or a combination of the foregoing.

**2) ARGUMENT**

In this Limitation Action, Plaintiffs are not the only claimants and this is not a single claimant case. Bear has filed a Claim in this proceeding seeking tort indemnity and/or contribution from Limitation Petitioners. Rec. Doc. No. 9. Therefore, this is not a *single* claimant proceeding.

There are three claims filed in this Limitation Action, on behalf of four claimants:

> Rec. Doc. No. 3, by Kathryn Hammes-Ciraolo, individually and as personal representative of the Estate of Patrick Titus in which she demanded trial by jury;

> Rec. Doc. No. 9, by Bear Industries seeking tort indemnity and/or contribution; and

3

Rec. Doc. No. 15, by Jordan Adams as Next Friend of and on Behalf of T. T., a Minor and Heir to the Estate of Patrick Titus, and James Crosswell, Individually, and as Heir of the Estate of Patrick Titus, in which both Adams and Crosswell requested trial by jury.

Plaintiffs' motion seeks to have the court try only the single issue of Limitation Petitioners' negligence and their privity or knowledge of the cause of the casualty, and remand all of the remaining issues "(i.e. other parties' fault, apportionment of liability and damages)" to state court for jury trial. The "other parties' fault" refers to Bear's alleged negligence.

The relief Plaintiffs seek is inconsistent with Rule 1. Scope and Purpose, of the Fed. R. Civ. Proc. which provides:

> These rules . . . should be construed and administered to secure to just, speedy, and inexpensive determination of *every* action and proceeding." (emphasis added).

The Plaintiffs' proposed bifurcation motion would produce the opposite of a just, speedy and inexpensive determination of *every* action.

Plaintiffs' Motion to Bifurcate alleges that granting their motion, "will have the effect of shortening the trial from 5-6 days to 1-2 days". Rec. Doc. No. 26-1, pg. 2 of 5. However, while this timeframe is likely inaccurate, even if it shortened *this* proceeding, granting Plaintiffs' motion would result in the following:

**require three or four expensive trials**: one in Louisiana state court, perhaps another in Texas state court and/or elsewhere[1], and the other in this Limitation action, all of which Bear must participate in;[2]

---

[1] Kathryn Hammes-Ciraolo has not filed a state court action and it is not clear where she intends to pursue her remedies if the Court grants the Motion to Bifurcate. Meanwhile, Jordan Adams and James Crosswell have filed claims in both Louisiana and Texas state courts. However, all three claimants could file competing actions in three different states if the Court grants the Motion to Bifurcate.

[2] Bear will be required to examine and cross-examine witnesses and test evidence offered by Limitation Petitioners in this proceeding to exonerate itself and establish that Limitation Petitioners, not Bear, were liable for the accident.

4

- the lay and expert witnesses of all parties, and documents offered to establish the cause of and responsibility for the casualty, will be identical and inextricably intertwined in this Limitation action and in the various state court suits;

- the evidence of alleged fault related to Limitation Petitioners, Bear, and decedent would be litigated in two or more different fora before two or more separate fact finding bodies which could result in contradictory findings of liability;

- Depending on the findings of the Court in the Limitation action and juries in one or more state courts, multiple appeals may be necessary, one in Federal Court and the other in one or more state courts.

The consequences of such a motion make no sense, are contrary to the Federal Rules, and are prejudicial to Bear, which would be forced to participate in at least two expensive trials in different jurisdictions, with possible conflicting results between two or more distinct fact finding bodies, i.e.: (1) this court's negligence ruling related to Limitation Petitioners in the Limitation Action, and (2) the juries' negligence findings in the various state court actions against *both* Limitation Petitioners and Bear, based on the same lay and expert testimony and evidence offered in this Limitation action. Compelling Bear to defend the evidence presented by Plaintiffs and Limitation Petitioners in two or more separate jurisdictions, before two or more different fact finding bodies, which may yield inconsistent findings, and result in appeals in Federal and State Courts, is repugnant to the letter of the Federal Rules, and fair play, and is highly prejudicial to Bear.

Plaintiffs have requested jury trial of the Jones Act and general maritime law cases in the state court suits *and* in this Limitation Action. There is no reason why the Jones Act and general maritime law damage claims against Limitation Petitioners cannot be tried to a jury in this four claimant Limitation action. Courts in the Eastern District of Louisiana and Federal Fifth Circuit have approved of this procedure.

For example, Judge Nanette J. Brown, in *In Re: the Matter of Marquette Transp. Co. Gulf-Inland, LLC*, 2014 WL 6389978 (E. D. La. Nov. 13, 2014) granted the plaintiffs' motion to reset the Limitation of Liability Action case as a bifurcated jury trial. Just as in this case, plaintiff filed a state

court suit with jury trial and the vessel owner filed a Limitation of Liability Action in the Eastern District. Plaintiff also requested a jury trial in the Limitation Action, but the matter was erroneously set as a non-jury trial. Judge Brown corrected the non-jury setting by granting the plaintiffs' motion to bifurcate the action, and allow his Jones Act and general maritime causes of action to be tried before the jury (which, as here, he had requested) and the Limitation claims to be tried before the court sitting in Admiralty. Under Judge Brown's ruling, judicial economy and the just, speedy and inexpensive determination of *every* action were served.[3]

Judge Brown's observations in *Evans* are appropriate here:

"Wright and Miller suggest that bifurcation may be appropriate where jury-triable personal injury claims are presented in a Limitation Action, stating that: 'Limitation actions in personal or wrongful death actions may be tried *simultaneously* if the court decides to proceed in that fashion. When that occurs, the Limitation issues are kept from the jury in the spirit of the concursus procedure and the traditional Admiralty claims also will be heard without a jury trial.'" *Evans* at p. 4.

Similarly, in a case involving more than one claimant and in which less than all of the claimants sought the exact same relief sought herein, Judge Jane Triche Milazzo found that "an appropriate compromise" would be to bifurcate the trial to allow the Federal Court to determine all issues pertaining to limitation of liability, with personal injury claims being tried to a jury in the same Federal Court forum. *In Re: Crescent Energy Services*, *LLC*, No. 15-819 c/w 15-5783, U.S.D.C. for the E.D. La., Rec. Doc. No. 63, pg. 9 of 10. Judge Triche Milazzo found that utilizing this procedure, "will avoid prejudice to either party", which could not be accomplished by only deciding issues pertaining to limitation and leaving the remaining claims to be decided in state court. *Id*.

For other cases approving this procedure, see, *Cupit v. McClanahan Contractors, Inc.,* 1 F.3d 346 (5th Cir. 1993)(jury decided negligence issues and district judge denied Limitation of

---

[3] Bear will file a motion to bifurcate in similar fashion as the motion in the *Evans* case, allowing Plaintiffs their right to jury trial, which they have requested in their Claims in this Limitation Action.

Liability); *Seals v. AWI, Inc.*, 1992 WL 28064 (E.D. La. 1992)(in a case alleging Jones Act and unseaworthiness claims, court tried all issues to the jury except for those pertaining to Limitation of Liability) *aff'd,* 979 F.2d 210 (5th Cir. 1992).

Former Eastern District Judge Judith Clement, *In the Matter of the Complaint of L.L.P v D. Marine, Inc., et al.*, 1997 WL 563999 (E.D. La. 1997), made the following noteworthy observations that are relevant here:

> "The Fifth Circuit has created a two-tiered analytical framework to preserve the Jones Act right to jury trial in Limitation of Liability proceedings. First, the claimant in the Limitation must prove that the vessel's negligent acts and/or unseaworthy condition caused or contributed to his injury. Second, the burden shifts to the vessel owner to show that it had no privity or knowledge of the negligence and/or unseaworthiness that caused the injury . . . the first stage of the analysis, constituting in the instant case the claimants' Jones Act and unseaworthiness claims, is tried to a jury. Subsequently, the Limitation of Liability question is tried by the judge.

The cases cited by Plaintiffs in support of their Motion to Bifurcate and return the non-limitation issues to State Court, do not thoroughly analyze the consequences of their Motion to Bifurcate in a multi-Claimant case, in which damages are sought against two defendants, and the prejudice that may result to Bear if their Motion is granted.

Judicial economy, expediency and fairness to **all** parties are best served by allowing a jury, which Plaintiffs have requested, to decide issues of fault between Bear and Limitation Petitioners, and apportionment of fault and damages, in the Jones Act and General Maritime Law actions, reserving resolution of Limitation Petitioners' claim for Limitation of Liability to the Court.

Finally, the cases cited by Plaintiffs are not germane to the situation at hand, which is a multi-claimant case where less than all of the claimants have agreed to the stipulations necessary to proceed in state court. *In re Tetra Applied Tech. L P*, 362 F.3d 338, 341 (5th Cir. 2004); see also *Lake Tankers Corp. v. Henn*, 354 U.S. 47, 151-52 (1957)(noting that a multiple claimant scenario can only return to state court when "the claimants stipulate to exclusive federal jurisdiction over the limitation of liability issues"). Each of the cases relied upon by Plaintiffs that allow bifurcation and

proceeding in state court involved only single claimant cases and/or where the appropriate stipulations have been filed. Because there are multiple claimants in this matter whose claims exceed the value of the vessel, and because Bear has not and will not enter into the stipulations required to allow the case to proceed in state court, Plaintiffs' claims should not be heard outside of the Limitation action before this Court. Plaintiffs' motion to bifurcate is an improper attempt to do an end run around U.S. Fifth Circuit jurisprudence that requires a stipulation by all claimants before they can proceed in state court.

**3) CONCLUSION**

Denying Plaintiffs' Motion and granting Bear's Motion to Bifurcate in order to allow plaintiffs to preserve their right to trial by jury in the Jones Act and General Maritime Law claims, satisfies Fed. R. Civ. Proc. 1 by securing a just, speedy and inexpensive determination of every action in this proceeding.

Denying Plaintiffs' Motion and granting Bear's Motion to Bifurcate is also supported by Rule 42 of the Fed. R. Civ. Proc., which provides:

> **(b) SEPARATE TRIALS.** For convenience, to avoid prejudice or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counter-claims or third party claims. When ordering a separate trial, the court must reserve any right to a jury trial.

Bear's position is consistent with Rules 1 and 42 of the Fed. R. Civ. Proc. by allowing a just, speedy and inexpensive determination of every action, by avoiding prejudice to limitation claimants such as Bear, and preserving Plaintiffs' right to jury trial.

Further, because no stipulations have been entered by any claimants, and because Bear will not enter into the stipulations required, the case will never proceed in state court, making the relief sought by Plaintiffs inappropriate.

For the foregoing reasons, Bear Industries, Inc. respectfully requests that this Court deny the Plaintiffs' Motion to Bifurcate and to grant Bear's Motion to Bifurcate, which is filed simultaneously with this Opposition.

Respectfully submitted,

/s/ Paul D. Hale
Paul D. Hale (#30539)
Bert M. Cass, Jr. (#03984)
Kari M. Rosamond (#34065)
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 593-0715
Facsimile:  (504) 566-4067
phale@dkslaw.com
bcass@dkslaw.com
krosamond@dkslaw.com
**Attorneys for Bear Industries, Inc.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of January, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Paul D. Hale
PAUL D. HALE