**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AMERICAN BOAT COMPANY LLC AND STRAIT MARITIME GROUP LLC, AS OWNERS, AND WESTERN RIVERS BOAT MANAGEMENT, INC., AS OPERATOR AND OWNER *PRO HAC VICE*, OF THE M/V DANNY ETHERIDGE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>16-506-SDD-RLB |

**RULING**

This matter is before the Court on the *Motion to Bifurcate*[1] filed by Claimant Kathryn Hammes-Ciraolo on behalf of the Titus Claimants. Claimant Bear Industries, Inc. ("Bear Industries") has filed an *Opposition*[2] to Hammes-Ciraolo's motion and has filed its own *Motion to Bifurcate*.[3] Limitation Plaintiffs, American Boat Company, LLC and Strait Maritime Group, LLC, as owners, and Western Rivers Boat Management, Inc., as operator, owner and/or owner *pro hac vice* of the M/V DANNY ETHERIDGE (collectively "Western Rivers") have filed an *Opposition*[4] to Hammes-Ciraolo's motion.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

On March 18, 2016, Patrick Titus was killed during the course of his employment

---

[1] Rec. Doc. No. 26.
[2] Rec. Doc. No. 32.
[3] Rec. Doc. No. 33.
[4] Rec. Doc. No. 34.
38938

as a crewmember of the M/V DANNY ETHERIDGE. The incident occurred on the Mississippi River near Port Allen, Louisiana, at a facility owned by Bear Industries. Three lawsuits resulted from this incident: (1) *Jordan Adams, et al v. Western Rivers Boat Management, Inc., et al*, No. 1042893, filed in the 18th Judicial District for the Parish of West Baton Rouge; (2) the current action for exoneration from or limitation of liability, civil and maritime, under the Limitation of Liability Act[5] brought by Western Rivers; and (3) *James Crosswell, et al v. Western Rivers Boat Management, Inc., et al*, No. 2016-59421, filed in the District of Harris County, State of Texas.

Following the filing of this limitation action, the two state court actions were stayed. Answers and Claims in this proceeding were filed by four groups of claimants, each of whom claim damages against Western Rivers: (1) Bear Industries; (2) Kathryn Hammes-Ciraolo, individually and as a personal representative of the Estate of Patrick James Titus; (3) Jordan Adams, as Next Friend and on Behalf of T.T., a Minor and Heir to the Estate of Patrick Titus; and (4) James Crosswell, individually and as Heir of the Estate of Patrick Titus. The Titus Claimants have requested a jury trial.

Hammes-Ciraolo, on behalf of the Titus Claimants, moves to bifurcate this matter pursuant to the Savings-to-Suitors Clause[6] and requests that, after the Court adjudicates the exoneration from or limitation of liability issue, the Court return all non-limitation issues to the state court actions. Bear Industries and Western Rivers agree that the matter should be bifurcated such that the Court should determine the limitation issue without a jury, but also move that the Court should retain jurisdiction and empanel a jury

---

[5] 46 U.S.C. §§ 30501-30512, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.
[6] Article III, Section 2, U.S. Constitution.
38938

to decide the issues of fault and damages since this is a multi-claimant matter, and the Titus Claimants have failed to agree to the required stipulations to return to state court.

## II.    BIFURCATION

The Court has the discretion to bifurcate claims.  A district court may order separate trials of one or more claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize."[7]  Nevertheless, the Fifth Circuit has cautioned courts before bifurcating issues and ordering separate trials that the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice."[8]  Even if bifurcation promotes judicial economy, courts should not permit it when it will lead to delay, additional expenses, and prejudice.[9]  Because bifurcation is discretionary, courts should balance equities before bifurcating issues.[10]  When a court decides to bifurcate issues and order separate trials, the court must preserve a party's federal right to a jury trial.[11]

"Tension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court."[12] Under the Saving-to-Suitors Clause, plaintiffs have the option to request a state jury trial for personal injury claims involving the Jones Act and general maritime law.[13]  Under the Limitation Liability Act, vessel owners have a right to a federal bench trial if "the amount

---

[7] *See* Fed. R. Civ. Pro. 42(b).
[8] *Swofford v. B&W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964); *Laitram Corp. v. Hewlett Packard Co.,* 791 F.Supp. 113, 115 (E.D. La. 1992).
[9] *Laitram Corp.,* 791 F. Supp. at 115.
[10] *Id.*
[11] *Id.*
[12] *In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004).
[13] 28 U.S.C. § 1333.
38938

of the claims exceed[s] the value of the ship and its cargo," and the vessel owner is "seek[ing] to limit liability to the value of the ship and its cargo."[14]

This conflict can be resolved by bifurcating the personal injury and limitation claims and allowing two separate trials—a federal bench trial and a state jury trial. The Supreme Court has allowed such a bifurcation "where a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court."[15] The situation is complicated, however, when a limitation action involves multiple claimants, as it does here. The Fifth Circuit has recognized that, with proper stipulations, multiple claimants seeking recovery in excess of the limitation fund may be allowed to proceed outside the limitation proceeding.[16] Generally, to do so, the claimants must "stipulate that the federal court has exclusive jurisdiction over limitation issues and the claimants will not seek to enforce a greater damage award than the limitation fund."[17]

In the present case, the claims of the Titus Claimants are alleged to exceed the value of the vessel, which Western Rivers attests to be approximately $2.5 million.[18] Further, the Titus Claimants have not indicated any intent to stipulate that they will not seek to enforce a greater damage award in state court. Thus, bifurcation allowing the Titus Claimants to proceed in state courts would be inappropriate as this Court could not protect Western Rivers' right to limitation. Moreover, such an order would result in at

---

[14] CHARLES ALAN WRIGHT, ARTHER R. MILLER, ET AL., 14A FEDERAL PRACTICE AND PROCEDURE § 3672 (4th ed. 2014); *see also In re the Matter of Marquette Transp. Co. Gulf-Inland, LLC*, No. 13-6351, 2014 WL 6389978, at *5 (E.D. La. Nov. 13, 2014).
[15] *In re Tetra Applied Techs. LP*, 362 F.3d at 340 (citing *Langnes v. Green*, 282 U.S. 531, 541 (1931)); *see Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001).
[16] *See Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995) (citations omitted).
[17] *Id.* at 768-69.
[18] *See* Rec. Doc. No. 1-1.
38938

least three separate, duplicative, and expensive trials, which would be inconvenient and would not serve judicial economy.[19]  The cases relied upon by the Titus Claimants are inapposite as they do not involve multi-claimant scenarios as presented here. Accordingly, the Titus Claimants' motion to bifurcate is DENIED.

Bear Industries requests that the Court try all limitation issues and preside over a jury trial in this forum to resolve Claimants' personal injury and contribution claims.[20] Indeed, other courts have allowed this procedure, and the Court finds that it is an appropriate compromise here as well.[21]  Considering the Claimants' statutory right to try their Jones Act and general maritime law claims to a jury and Western Rivers' right to a bench trial on the issue of limitation, "this Court will follow the procedure adopted by other district courts and bifurcate trial here."[22]  The Court finds that this procedure will avoid prejudice to either party.  Accordingly, Bear Industries' motion to bifurcate trial between the bench and a jury in this forum is GRANTED.

---

[19] *See* Fed. R. Civ. Pro 42(b).
[20] While Western Rivers contends the Court should retain jurisdiction and decide all issues related to this matter, Western Rivers agrees in the alternative that the Court should try all issues to a jury except for those related to the limitation.  *See* Rec. Doc. No. 34, p. 9.
[21] *See In re Crescent Energy Services, LLC*, 2015 WL 7574771 at * 4 (E.D. La. Nov. 25, 2015); *In re the Matter of Marquette Transportation Company Gulf-Inland, LLC*, No. 13-6351, 2014 WL 6389978 (E.D. La. Nov. 13, 2014); Charles Alan Wright, Arther R. Miller, et al., 14A Federal Practice and Procedure § 3672 (4th ed. 2014); *Brister v. A.W.I., Inc.,* 946 F.2d 350, 353 (5th Cir. 1991).
[22] *See Marquette*, 2014 WL 6389978 at *5.
38938

## III. CONCLUSION

For the reasons set forth above, the *Motion to Bifurcate*[23] filed by Claimant Kathryn Hammes-Ciraolo on behalf of the Titus Claimants is DENIED.  The *Motion to Bifurcate*[24] by Claimant Bear Industries, Inc. is GRANTED.   The pending *Motions for Oral Argument*[25] are DENIED as moot.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>May 15, 2017</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[23] Rec. Doc. No. 26.
[24] Rec. Doc. No. 33.
[25] Rec. Doc. Nos. 35 & 36.
38938