**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AMERICAN BOAT COMPANY LLC AND STRAIT MARITIME GROUP LLC, AS OWNERS, AND WESTERN RIVERS BOAT MANAGEMENT, INC., AS OPERATOR AND OWNER *PRO HAC VICE*, OF THE M/V DANNY ETHERIDGE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>16-506-SDD-RLB |

## RULING

This matter is before the Court on the *Motion to Broaden Scope of Enjoinder of Other Proceedings*[1] filed by Bear Industries, Inc. ("Bear Industries"). Limitation Plaintiffs, American Boat Company, LLC and Strait Maritime Group, LLC, as owners, and Western Rivers Boat Management, Inc., as operator, owner and/or owner *pro hac vice* of the M/V DANNY ETHERIDGE (collectively "Western Rivers"), and Brent St. Amant, Patrick Kendrick, Hanover Insurance Company, Starr Indemnity & Liability Company, XL Specialty Insurance Company, AGCS Marine Insurance Co., and Navigators Insurance Co. filed a *Motion for Leave to Intervene and Extend Restraining Order*.[2] The Court allowed these parties to intervene,[3] and also granted[4] the motion[5] by Endurance

---
[1] Rec. Doc. No. 62.
[2] Rec. Doc. No. 65.
[3] Rec. Doc. No. 67.
[4] Rec. Doc. No. 90.
[5] Rec. Doc. No. 69.
45021

American Specialty Insurance Company to intervene and extend the restraining order. The Titus Claimants filed a *Response*[6] in opposition to the motions by Bear Industries, Western Rivers and the Intervenors. For the following reasons, Bear Industries' motion shall be denied, and the motion by Western Rivers and the Intervenors shall be granted in part and denied in part.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

On March 18, 2016, Patrick Titus was killed during the course of his employment as a crewmember of the M/V DANNY ETHERIDGE. The incident occurred on the Mississippi River near Port Allen, Louisiana, at a facility owned by Bear Industries. Three lawsuits resulted from this incident: (1) *Jordan Adams, et al v. Western Rivers Boat Management, Inc., et al*, No. 1042893, filed in the 18th Judicial District for the Parish of West Baton Rouge; (2) the current action for exoneration from or limitation of liability, civil and maritime, under the Limitation of Liability Act[7] brought by Western Rivers; and (3) *James Crosswell, et al v. Western Rivers Boat Management, Inc., et al*, No. 2016-59421, filed in the District of Harris County, State of Texas.

Following the filing of this limitation action, the two state court actions were stayed. Answers and Claims in this proceeding were filed by four groups of claimants, each of whom claim damages against Western Rivers: (1) Bear Industries; (2) Kathryn Hammes-Ciraolo, individually and as a personal representative of the Estate of Patrick James Titus; (3) Jordan Adams, as Next Friend and on Behalf of T.T., a Minor and Heir to the Estate of Patrick Titus; and (4) James Crosswell, individually and as Heir of the

---

[6] Rec. Doc. No. 76.
[7] 46 U.S.C. §§ 30501-30512, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.
45021

Estate of Patrick Titus.

Hammes-Ciraolo, on behalf of the Titus Claimants, moved to bifurcate this matter pursuant to the Savings-to-Suitors Clause[8] and requested that the Court return all non-limitation issues to the state court actions after the Court determined the limitation of liability issue. Bear Industries and Western Rivers also moved to bifurcate this matter but argued that the Court should determine the limitation issue without a jury and retain jurisdiction and empanel a jury to decide the issues of fault and damages in this multi-claimant matter. Applying the law to the facts of this case, the Court granted Bear Industries' motion to bifurcate and enjoined all other proceedings against the Limitation Plaintiffs.[9]

Bear Industries, Western Rivers, and the Intervenors now move the Court to broaden the scope of the limitation injunction previously issued, which enjoined all other proceedings against Limitation Petitioners, to further enjoin claims against these parties arising from the casualty at issue, as well as any other alleged tortfeasors "because it will serve judicial economy and fundamental fairness while securing the speedy and just resolution of all pending claims."[10] Movants assert that, although the Limitation of Liability Act mandates an injunction only on claims against vessel owners, the Court has discretion to issue an injunction that is broader in scope, in order to comport with the principles of judicial economy, efficiency, and fundamental fairness pursuant to Rule 1 of the Federal Rules of Civil Procedure. The Titus Claimants oppose these motions, arguing that the

---

[8] Article III, Section 2, U.S. Constitution.
[9] Rec. Doc. No. 38.
[10] Rec. Doc. No. 62-1 at 1.
45021

relief sought is directly contrary to well-settled applicable Fifth Circuit jurisprudence.[11]

## II. LAW & ANALYSIS

### A. Scope of the Injunction

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[12] The exceptions listed in the Act "are narrowly construed," and "[a]ny doubts as to the propriety of an injunction must be resolved in favor of the allowing the state court action to go forward."[13]

The first exception to the Anti-Injunction Act applies where "an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding."[14] The only possible Act of Congress which might serve as an exception to the Anti-Injunction Act in this case is 46 U.S.C. §30511, a provision of the Limitation of Vessel Owner's Liability Act ("Liability Act").[15] The initial injunction issued by the Court "enjoining all claims and proceedings" against the M/V DANNY ETHERIDGE, its owners, and its operator, was issued pursuant to this provision.[16] However, the language of the Limitation Act itself, along with Fifth Circuit precedent, states that this provision does not provide grounds for

---

[11] *See* Rec. Doc. No. 76.
[12] 28 U.S.C. § 2283.
[13] *Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 249 (5th Cir. 1999); *J.R. Clearwater Inc. v. Ashland Chemical Co.*, 93 F.3d 176, 179 (5th Cir. 1996).
[14] *Mitchum v. Foster*, 407 U.S. 225, 238 (1972).
[15] *See* 46 U.S.C. § 30511(c), requiring that "all claims and proceedings against the owner related to the matter in question [ ] cease" upon the filing of a limitation action.
[16] Rec. Doc. No. 4.
45021

the Court to expand the injunction to include Bear Industries or two of the proposed Intervenors, Brent St. Amant or Patrick Kendrick.

In *Zapata Haynie Corp. v. Arthur*, the Fifth Circuit stated plainly that the "benefits of the Act [ ] are, by their plain terms conferred on ship *owners* only."[17] The Fifth Circuit focused on the language of what is now 46 U.S.C. § 30512, which states that the Limitation Act "does not affect the liability of an individual as a master, officer, or seaman." Thus, the Limitation Act does not authorize the Court to expand the scope of the injunction to include Brent St. Amant and Patrick Kendrick, the captain and mate of the M/V DANNY ETHERIDGE.

Further, applications of *Zapata* by district courts indicate that the first exception to the Anti-Injunction Act is not satisfied by the Limitation Act as to Bear Industries. In *In re Waterman S.S. Corp.*, a fire broke out in the S/S Stonewall Jackson, and the owner of the ship instituted a limitation proceeding in federal court, resulting in the staying of state court actions against the owner.[18] The subcontractor of the ship's generator asserted a claim in the limitation proceeding, then moved to have the restraining order expanded to stay state court actions against itself as well as the owner.[19] The District Court for the Eastern District of Louisiana denied the motion, stating: "[t]he Limitation Act is very specific about applying to 'owners.'"[20] A similar situation in *In re Diamond B Marine Services, Inc.* led to the same result, the denial of the motion to expand an injunction to restrain claims against a non-ship owner.[21]

---

[17] *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 485 (5th Cir. 1991), (emphasis in original).
[18] *In re Waterman S.S. Co.*, 1992 WL 116052, at *1 (E.D. La. May 6, 1992).
[19] *Id.*
[20] *Id.* at *3.
[21] *In re Diamond B Marine Services, Inc.*, 2000 WL 726885, at *1 (E.D. La. June 5, 2000).
45021

Bear Industries, Western Rivers, and the Intervenors primarily rest on the argument that the proximity of resolution in this Court makes this case an exception to the "narrow" holding in *Zapata*. The Court does not read *Zapata* so narrowly and finds little jurisprudential or legal support for the expansion of the scope of the injunction under the facts of this case.

Although the Limitation Act does not allow the Court to expand the scope of the injunction to restrain claims against Bear Industries, Brent St. Amant, or Patrick Kendrick, the insurers of Western Rivers stand on different footing. In *Guillot v. Cenac Towing Co.,* the Fifth Circuit held that an injunction of a direct action against "the insurers of the Shipowner" until the disposition of the limitation proceedings was proper.[22] Hanover Insurance Company, Starr Indemnity & Liability Company, XL Specialty Insurance Company, AGCS Marine Insurance Co., Navigators Insurance Co. and Endurance American Specialty Insurance Company (collectively, "Insurers") all issued insurance policies to Western Rivers, the operator, owner, and/or owner *pro hac vice* of the M/S DANNY ETHERIDGE.[23] Thus, the Court finds that these insurers are entitled to the relief contemplated by the *Guillot* court.

Titus Claimants argue that this case is distinguishable from *Guillot* because they are suing the Insurers in their capacity as the insurers of the crew of the M/S DANNY ETHERIDGE and Bear Industries rather than in their capacity as Western Rivers' insurer.[24] Nevertheless, the focus of the *Guillot* court, following the precedent of *Ex Parte Tokio Marine*, was taking a "practical approach" in order to prevent the insurance of the

---

[22] *Guillot v. Cenac Towing Co.*, 366 F.2d 898, 905 (5th Cir. 1966).
[23] Rec. Doc. 94, p. 2; Rec. Doc. 4, p. 1.
[24] Rec. Doc. 76, p. 7.
45021

shipowner from being exhausted through direct action proceedings.[25] Applying this practical approach to the case herein, the Court finds that the Insurers are entitled to expansion of the injunction because, notwithstanding the capacity in which they are sued, they are, in fact, insurers of the operator and owner *pro hac vice*, Western Rivers.

The second exception to the Anti-Injunction Act, the "necessary in aid of jurisdiction" exception, is inapplicable in this case.[26] The Fifth Circuit has found that this exception applies to *in rem* rather than *in personam* proceedings generally.[27] Neither Bear Industries nor Intervenors asserted this exception as the basis for broadening the scope of the injunction.

The third exception of the Anti-Injunction Act is commonly called the relitigation exception and "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court."[28] It is founded on the concepts of *res judicata* and collateral estoppel, and one of those two concepts must be established for the exception to apply.[29]

*Res judicata* requires that "(1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must have been a final judgment on the merits; and (4) the same cause of action must be involved in both cases."[30] Here, the parties in the Limitation Action and the State Court

---

[25] *Guillot v. Cenac Towing Co.*, 366 F.2d at 905 (citing *Ex Parte Tokio Marine and Fire Ins. Co.*, 322 F.2d 113 (5th Cir. 1963)).
[26] 28 U.S.C. § 2283.
[27] *See Carter v. Ogden Corp.*, 524 F.2d 74, 76 (5th Cir. 1975).
[28] *Next Level Comm. LP v. DSC Comms. Corp.* 179 F.3d at 249.
[29] *In re Diamond B Marine Services*, at *5.
[30] *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003).
45021

Suit are not identical, rendering *res judicata* inapplicable as a basis for expanding the scope of the injunction.

Likewise, collateral estoppel has not been established in this case, foreclosing the relitigation exception as a basis for broadening the scope of the injunction. A final judgment is a necessary component of collateral estoppel, and "a lack of finality is also fatal to a request for injunction under the [Anti-Injunction] Act."[31] There has been no decision rendered by this Court which would be "appealable as a matter of right [prior to] conclusion of the litigation in district court;" hence, no final judgment has been made.[32] For these reasons, the Court finds that neither *res judicata* nor collateral estoppel has been established, and the relitigation exception does not apply; thus, the Anti-Injunction Act precludes expanding the injunction to encompass any claims against Bear Industries, Brent St. Amant, or Patrick Kendrick.

### B. Motions to Intervene

The Court allowed the Intervenors to intervene under Rule 24(b) of the Federal Rules of Civil Procedure because Intervenors' motions were timely, the issues presented arise from the same facts as the Limitation Action, and their interests would be inadequately represented by the current parties. In determining whether a motion to intervene is timely, a Court should consider four pertinent factors:

> (1) the length of time during which the proposed intervenors actually knew or reasonably should have known of their interest in the case; (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case; (3) the extent of the prejudice that the proposed intervenors may suffer if

---

[31] *J.R. Clearwater Inc. v. Ashland Chemical Co.*, 93 F.3d 176, 179 (5th Cir. 1996).
[32] *Id.*

45021

the motion is denied; and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely.[33]

Factors one and two support allowing intervention because the Intervenors received notice of the State Court Suit on October 27, 2017 and filed their respective motions to intervene on December 5, 2017[34] and December 11, 2017.[35] This demonstrates that Intervenors did not unreasonably delay seeking relief once they were on notice that they might have an interest in seeking indemnity from Bear Industries should Bear Industries be found liable in the Limitation Action.[36]

The Court also finds that Intervenors would suffer undue prejudice if the Court had denied their motions to intervene. Although Western Rivers is the employer of Patrick Kendrick and Brent St. Amant, the policy-holder of the insurance companies, and the operator and owner *pro hac vice* of the M/V DANNY ETHERIDGE, Western Rivers was <u>not</u> named as a defendant in the State Court Suit filed by the Titus Claimants; thus, Invervenors would not have an interest in filing the sort of indemnity claims in the State Court Suit that Intervenors seek to assert in this action. Hence, if the Court had denied the motions to intervene, Intervenors could be prejudiced in the State Court Suit if, for example, Bear industries is found liable in the federal case but not found liable in the state case.

## III. CONCLUSION

For the reasons set forth above, the *Motion to Broaden Scope of Enjoinder of*

---

[33] *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996).
[34] Rec.Doc. No. 65.
[35] Rec. Doc. No. 69.
[36] Rec. Doc. 65-1, p. 5.
45021

*Other Proceedings*[37] filed by Bear Industries, Inc. is DENIED. The *Motion for Expedited Hearing*[38] is DENIED as moot. The *Motion for Leave to Intervene and Extend Restraining Order*[39] filed by Brent St. Amant, Patrick Kendrick, Hanover Insurance Company, Starr Indemnity & Liability Company, XL Specialty Insurance Company, AGCS Marine Insurance Co., and Navigators Insurance Co. is GRANTED in part and DENIED in part. The Parties were allowed to intervene; however, the injunction is extended only to the insurers of Western Rivers, not to St. Amant or Kendrick. Intervenor Endurance American Specialty Insurance Company's motion is GRANTED both as to the intervention and the extension of the injunction.[40]

Accordingly, the Court's previous injunction is hereby extended to include claims brought against the insurers of Western Rivers.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>April 5, 2018</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. No. 62.
[38] Rec. Doc. No. 63.
[39] Rec. Doc. No. 65.
[40] Rec. Doc. No. 69.
45021