**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AMERICAN BOAT COMPANY LLC AND STRAIT MARITIME GROUP LLC, AS OWNERS, AND WESTERN RIVERS BOAT MANAGEMENT, INC., AS OPERATOR AND OWNER *PRO HAC VICE*, OF THE M/V DANNY ETHERIDGE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>16-506-SDD-RLB |

**<u>RULING</u>**

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by Limitation Plaintiffs, American Boat Company, LLC and Strait Maritime Group, LLC, as owners, and Western Rivers Boat Management, Inc., as operator, owner and/or owner *pro hac vice* of the M/V DANNY ETHERIDGE (collectively "Western Rivers"). No opposition to this motion has been filed.

Local rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion.

In the present case, the motion by Western Rivers was electronically filed by on November 21, 2017. A review of the record shows that far more than twenty-one (21) days have elapsed since the electronic service of this Motion, and no memorandum in opposition has been submitted to date.

---
[1] Rec. Doc. No. 54.
45164

Therefore, this Motion is deemed to be unopposed and further, after reviewing the record, the Court finds that the Motion has merit.

This case arose out of the death of Patrick Titus ("Titus" or "the decedent") who was working for Western Rivers as a Jones Act seaman at the time of his death. Under the Jones Act and general maritime law, which govern this action exclusively, only the personal representative of the decedent's estate can bring wrongful death and survival actions against Western Rivers for negligence and only on behalf of a specific beneficiary.[2] In this case, Kathryn Hammes-Ciraolo ("Hammes-Ciraolo"), mother of the decedent and alleged personal representative of the decedent's estate, has improperly asserted various causes of action against Western Rivers on her own behalf. It is undisputed that, at the time of Titus' death, Titus was not married and is survived by one minor child, Triston Titus. Hammes-Ciraolo also seeks several non-pecuniary damages on her own behalf.

To the extent Hammes-Ciraolo has asserted any claims on her own behalf under either a survival action or wrongful death action, those claims are DISMISSED with prejudice. The law is clear that a surviving child is within the first class of beneficiaries under the law, and recovery by one class excludes recovery by the subsequent class – which would include Titus' surviving parents.[3] Further, any claims for non-pecuniary

---

[2] 46 U.S.C. § 30104.
[3] *See Hamilton v. Canal Barge Co., Inc.* 395 F. Supp. 978, 983-84 (E.D. La. 1975)(No claim may be asserted by the parents under the Jones Act. The Jones Act incorporates the F.E.L.A., the pertinent part of which permits the personal representative of the deceased to maintain an action for damages 'for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee . . ..' 45 U.S.C. § 51. Thus, the existence of a preferred class of beneficiaries excludes recovery by the inferior classes, or to put it in less technical language, if the deceased is survived by children, his parents are not permitted to claim damages, no matter how grievous their injury.).
45164

damages or punitive damages are likewise DISMISSED with prejudice as they are foreclosed by the Jones Act and general maritime law.[4]

Hammes-Ciraolo offered no opposition to this motion, as required by the Local Rules of Court and the Federal Rules of Civil Procedure; thus, she has failed to present evidence to the Court that disputed material facts exist regarding these claims. Further, she has failed to offer any law or jurisprudence to challenge that which is offered by Western Rivers.

Accordingly, **IT IS HEREBY ORDERED** that the *Motion for Partial Summary Judgment*[5] by Western Rivers is GRANTED and any claims asserted by Hammes-Ciraolo on her own behalf are DISMISSED with prejudice. **IT IS FURTHER ORDERED** that any claims for non-pecuniary or punitive damages are DISMISSED with prejudice as a matter of law.

Signed in Baton Rouge, Louisiana on April 9, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] The Court notes that the decedent's pre-death pain and suffering are pecuniary in the context of a Jones Act claim, and are not dismissed. *See In re Denet Towing Service, Inc.*, No. 98-1523, 98-1583, 1999 WL 329698 at *4 (E.D. La. May 21, 1999); *see also Miles v. Apex Marine Corp*, 498 U.S. 19, 22 (1990)(allowing the plaintiff's estate to recover for the pre-death pain and suffering of the decedent seaman); *see also Neal v. Barisich, Inc.*, 707 F. Supp. 862, 867 (E.D. La. 1989)(holding that damages for pre-death pain and suffering "are considered pecuniary damages, recoverable as survival damages to the decedent's estate under both the Jones Act and general maritime law") (citing *De Centeno v. Gulf Fleet Crews, Inc.,* 798 F.2d 138, 141 (5th Cir. 1986) (classifying damages for "predeath pain and suffering" as "pecuniary")).
[5] Rec. Doc. No. 54.
45164